IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LINVILLE W. HAWTHORNE, ) | |
| ) | Case No. 1:05-CV-01548 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | Magistrate Judge William H. Baughman |
| ANTHONY J. PRINCIPI, et al., ) | |
| ) | |
| Defendants. ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

Before the court are defendant Houck Limited's ("Houck") motion to dismiss or for more definite statement and for transfer of venue [Docket No. 12], defendant Secretary of Veterans Affairs Anthony Principi's (the "Secretary") motion to hold in abeyance time for response to Houck's motion or for more definite statement and transfer of venue [Docket No. 16], and two motions to dismiss by defendant United States of America (the "Government").  The Government's first motion to dismiss concerns tort claims against the Secretary and defendants Lynn Johnson ("Johnson"), Bruce Holderead ("Holderead"), Philip J. (Jack) Ross ("Ross"), and Brian Swanton ("Swanton") [Docket No. 24].  The Government's second motion to dismiss concerns Title VII claims against Ross, Holderead, Johnson and Swanton [Docket No. 25].

For the following reasons, the court grants in part and denies in part Houck's motion to dismiss or for more definite statement and transfer of venue, dismisses all claims against Houck and its former employee Leslie Pritchard ("Pritchard") and dismisses both parties from this action, and denies Houck's request for more definite statement and transfer of venue, along with the Government's request for additional time to respond to the request for transfer, as moot.  The Government's motions to dismiss

also are granted. The tort claims against the Secretary, Ross, Holderead, Johnson and Swanton are dismissed for lack of subject matter jurisdiction, the Title VII claims against Ross, Holderead, Johnson and Swanton are dismissed for failure to state a claim, and Ross, Holderead, Johnson and Swanton are dismissed from this action. The only remaining claim is Hawthorne's Title VII claim, and it is active against both remaining defendants: the Secretary and the United States of America.

## I. Background

Plaintiff Linville Hawthorne ("Hawthorne") initially filed this action in the United States District Court for the District of Columbia. The action was transferred to the Northern District of Ohio, because the alleged wrongdoing occurred in the Cleveland Regional Office of the Veterans Benefit Administration [Docket No. 3]. Hawthorne is proceeding *pro se* and *in forma pauperis*. In his complaint, Hawthorne alleges various acts of employment discrimination on the basis of race, as well as slander and defamation on the part of certain federal contractors. In its motion, Houck alleges that it is an independent contractor in the Columbus, Ohio Veterans Administration office, where Hawthorne worked, not in Cleveland.

## II. Discussion

In analyzing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (quoting *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)). The weight of the evidence and the credibility of witnesses generally are not factors to be considered when resolving a motion to dismiss; rather, a court "should deny the motion unless it is clear that the plaintiff can prove

no set of facts in support of her claim that would entitle her to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citations omitted).

  *A.*  *Houck's Motion to Dismiss or for More Definite Statement and Transfer of Venue*

Houck raises several arguments in its motion to dismiss. First, it argues that it was not Hawthorne's "employer" for the purposes of Title VII at any time, nor did it exercise any "control over the manner and means of the plaintiff's work." *Sutherland v. Michigan Dept. of Treasury*, 344 F.3d 603, 612 (6th Cir. 2003) (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992)). Second, Houck argues that Hawthorne failed to obtain a "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC") pursuant to 42 U.S.C. § 2000e-5(f)(1), and that his Title VII claim against Houck should be dismissed because "[i]t is well-established that a party's exhaustion of administrative processes for filing a claim of discrimination is a condition precedent to filing suit in the district court, rather than a jurisdictional prerequisite." *Mitchell v. Chapman*, 343 F.3d 811, 819-20 (6th Cir. 2003) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)). Finally, Houck argues that it is not an "employer" as defined by Title VII, because it does not employ the statutory minimum number of employees. 42 U.S.C. § 2000e(b).

The court notes that Hawthorne has not yet provided a copy of his "right to sue" letter from the EEOC, if he does in fact possess one. However, that failure would necessitate at most a dismissal of Hawthorne's Title VII claims without prejudice until such time as he obtains such a letter. *See, e.g., Portis v. State of Ohio*, 141 F.3d 632, 633 (6th Cir. 1998). Houck's third argument, concerning the number of employees it has, could necessitate a dismissal of Hawthorne's Title VII claims. Doing so would require the court to consider matters outside the pleadings and convert Houck's motion to one

-3-

for summary judgment, while also giving Hawthorne an opportunity to presents materials on that question of fact. FED. R. CIV. P. 12(c).

Houck's first argument, however, may be dealt with now. Hawthorne's complaint does not refer to Houck or to its ex-employee Pritchard by name, much less allege that either Houck or Pritchard had any degree of control over the manner and means of Hawthorne's work. However, Hawthorne does include allegations about his employer - the Veterans Administration. Therefore, Hawthorne's Title VII claims against Houck and Pritchard must be dismissed for failure to state a claim as Hawthorne has failed to allege any facts supporting the idea that either Houck or Pritchard was Hawthorne's "employer" under Title VII. *Sutherland*, 344 F.3d at 612.

For similar reasons, the court must dismiss Hawthorne's tort claims insofar as they apply to Houck and Pritchard. The complaint contains no allegations of specific statements or publications constituting slander or defamation. In fact, the complaint does not even list which parties are alleged to have engaged in this tortious conduct. Therefore, the tort claims against Houck and Pritchard are also dismissed for failure to state a claim. All claims against both Houck and Pritchard have been dismissed, and therefore both parties are dismissed from the action. Houck's request for a more definite statement and transfer of venue are denied as moot. The Secretary's motion requesting more time to respond to the request for transfer of venue is also denied as moot.

  *B.*  *The Government's Motions to Dismiss*

Hawthorne has not filed oppositions to either of the Government's motions to dismiss. As the time for filing an opposition has now expired, the court treats these motions as unopposed. N.D. OHIO CIV. R. 7.1(d), (g).

In its first motion to dismiss [Docket No. 24], the Government seeks dismissal of all tort

-4-

claims against Ross, Holderead, Johnson and Swanton.  Pursuant to 28 U.S.C. § 2679(d)(1), the Government has substituted itself as the defendant for Hawthorne's tort claims against Ross, Holderead, Johnson and Swanton, as the Government has certified that each of those defendants were acting within the scope of their office or employment at the time of the alleged wrongful actions [Docket No. 23].  Hawthorne's only remedy for the alleged slander and defamation is through the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680.  However, a FTCA claim may not be brought unless administrative remedies are first exhausted.  28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993).  In addition, claims for slander and defamation are prohibited by the FTCA.  28 U.S.C. § 2680(h).  Therefore, the court must dismiss Hawthorne's tort claims against Ross, Holderead, Johnson, Swanton and the Government for lack of subject matter jurisdiction.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  Also, for the same reasons that the tort claims against Houck and Pritchard were dismissed, the court dismisses the tort claims insofar as they allege a claim against the Secretary for failure to state a claim.

In its second motion to dismiss [Docket No. 25], the Government seeks dismissal of all Title VII claims against Ross, Holderead, Johnson and Swanton.  The Government argues that these individuals are "supervisors, sued in their individual capacities, [and] are not included within the statutory definition of 'employer' under Title VII."  As such they "cannot be held personally liable for discrimination."  *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999) (citing *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir.1997)).  The court agrees, and holds that all Title VII claims against Ross, Holderead, Johnson and Swanton must be dismissed for failure to state a claim.  Since all claims against Ross, Holderead, Johnson and Swanton have been dismissed, all four parties are dismissed from this action.

The sole remaining claim is Hawthorne's Title VII claim against both the Secretary and the substituted defendant United States of America.

### III. Conclusion

For the foregoing reasons, the court grants in part and denies in part Houck's motion to dismiss or for more definite statement and transfer of venue [Docket No. 12]. All claims are dismissed against Houck and Pritchard; Houck and Pritchard are dismissed from this action; and Houck's requests for a more definite statement and for transfer of venue are denied as moot. The Secretary's request for additional time to respond to the request for transfer [Docket No. 16] is also denied as moot. The Government's motions to dismiss [Docket Nos. 24, 25] are granted. The tort claims against Ross, Holderead, Johnson, Swanton and the Government are dismissed for lack of subject matter jurisdiction. The tort claims against the Secretary are dismissed for failure to state a claim. The Title VII claims against Ross, Holderead, Johnson, and Swanton are dismissed for failure to state a claim, and Ross, Holderead, Johnson and Swanton are dismissed from this action. The only remaining claim is Hawthorne's Title VII claim, and it is active against both remaining defendants: the Secretary and the United States of America.

The parties are reminded that a case management conference is scheduled, in Chambers 17B, on March 24, 2006, at 11:00 a.m.

IT IS SO ORDERED.

    /s/Ann Aldrich  
ANN ALDRICH  
UNITED STATES DISTRICT JUDGE

**Dated: March 06, 2006**